PARKE v. MURPHY.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

BROKERS (§ 86*)—ACTIONS FOR COMMISSIONS—SUFFICIENCY OF EVIDENCE.

    In an action for commissions on the sale of a business, where there was evidence that the purchaser of the business was introduced to defendant by plaintiff, it was error to dismiss the complaint.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Charles Parke against James Murphy. From a judgment for defendant on a trial without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Jacob Friedman, of New York City, for appellant.

GERARD, J. Plaintiff, a business broker, brings this action to recover a commission alleged by him to have been earned for procuring a purchaser for a saloon on St. Nicholas avenue owned by defendant. The complaint was dismissed at the close of plaintiff's case.

Plaintiff testified that defendant had conversed with him, and told plaintiff to procure a buyer for the saloon, and promised to give plaintiff a full commission. Plaintiff testified that he spoke to a man named Buhrmeister, that he told Buhrmeister about this saloon; that he brought Buhrmeister to see it; that Buhrmeister offered $3,000, and that defendant said that he wanted more, but would have to take that; that plaintiff again saw Buhrmeister, and then put an advertisement in the New York World; that, after putting in this advertisement, plaintiff received a postal card. It was admitted that this postal card

was sent by Buhrmeister, and that the defendant admitted that he had made the sale to Buhrmeister. Plaintiff testified to the usual commission among brokers of this class. As there was evidence that the plaintiff had introduced the customer to whom defendant sold, it was error to dismiss the complaint.

Judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.